**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KRISTIAN M. RYAN** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 10-830-JJB-DLD** |
| **POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE** | |

## REPORT AND RECOMMENDATION

This matter is before the court on an initial screening of plaintiff's complaint, brought *in forma pauperis* under 28 U.S.C. § 1915A, which provides that a court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion of same, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

*Background*

In December, 2008, plaintiff sold a wedding ring set on Craiglist, an internet "garage sale" website. Upon receiving an email confirming a PayPal payment of $1,945.00 for the rings, plaintiff's fiancé, acting on behalf of plaintiff, went to the main post office in Denham Springs to ship the wedding ring set to an address in the United Kingdom via Express Mail in an insured amount of $2,000.00. Plaintiff's fiancé then returned home, and upon further inspection of the email address used to verify the alleged PayPal payment of $1,945.00, plaintiff's fiancé determined that the PayPal email was fraudulent. Plaintiff's fiancé called the Denham Springs post office in an attempt to halt the shipment of the rings, and was told to return to the post office in the morning to fill out a form, presumably to stop the shipment, as it was too late in the day for him to return before the post office cosed. Plaintiff's fiancé complied by returning the next day and completing the recall form. After waiting for

approximately 30 minutes while a postal employee searched for the package, he was then told that the package was now in another post office, and was en route to yet another post office. At some point, the package left the country en route to its original intended destination.

Subsequently, on December 11, 2009, plaintiff submitted the required SF-95 claim form[1] to the Denham Springs post office, seeking the recovery of the value of the rings, but the post office has not responded to the claim. Thereafter, on December 13, 2010, plaintiff filed suit under the Federal Tort Claims Act ("FTCA"), for the employee's negligent and wrongful conduct in the handling of plaintiff's mail. Plaintiff alleges that the employee of the Denham Springs post office was acting within her scope of employment, and was negligent in failing to pull the package before it was shipped. Plaintiff seeks actual damages, including but not limited to, $1,945.00 in lost funds; severe and extreme distress, worry, lost time, and anguish; and other damages to be proven at trial. (rec. doc. 1) The court previously has granted plaintiffs' motion to proceed *in forma pauperis.*

### *GOVERNING LAW*

Under 28 U.S.C. § 1915(e), this court shall dismiss an action brought *in forma pauperis* if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Cf., Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986). An *in forma pauperis* suit is properly dismissed as frivolous if the claim lacks an arguable basis in either fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d

---

[1]Title 28 U.S.C. § 2675(a) requires the exhaustion of administrative remedies before a tort suit against the United States may be commenced in the district courts, and the proper format for filing a claim under the FTCA is the SF-95 ("standard form"). The court does not reach any determination regarding the SF-95 from referenced in plaintiff's complaint.

340 (1992), *citing Neitzke v. Williams*, 490 U. S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Hicks v. Garner,* 69 F.3d 22 (5th Cir. 1995). A § 1915 dismissal may be made at any time before or after service of process and before or after an answer is filed. *Cf., Green v. McKaskle, supra.* Moreover, courts have a continuing duty to examine their own jurisdiction, and are required to dismiss *sua sponte* any action over which they lack jurisdiction*. Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).

## *DISCUSSION AND ANALYSIS*

### *The Federal Tort Claims Act*

The Federal Torts Claims Act, 28 USC §§ 1346, 2671, *et seq*. ("FTCA") provides a remedy for claimants against the United States for damage to or loss of property caused by the negligence of a government employee acting within the course and scope of his or her employment, thereby waiving sovereign immunity in some circumstances for certain torts committed by federal employees. This limited waiver of sovereign immunity provides that, subject to certain exceptions, "the United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. In essence, the FTCA provides a limited waiver of sovereign immunity of the United States for negligent or wrongful acts of governmental employees. *Insurance Co. of N. America v. U.S. Postal Service*, 675 F.2d 756, 757-58 (5th Cir.1982).

However, while the FTCA grants a waiver of immunity in some cases, it contains several specific exclusions under § 2680. Specifically, the waiver is not applicable to "[a]ny

claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). In *Insurance Co. of N. America*, the Fifth Circuit held that since the FTCA retained sovereign immunity with respect to claims of negligent handling of the mail, the plaintiff's tort claim based on negligence was barred, and the Fifth Circuit affirmed the district court's dismissal of the plaintiff's claim against the Postal Service. *Id.*, at 759.

In the present case, plaintiff asserts a claim which arises "out of the loss, miscarriage or negligent transmission" of the package. As such, plaintiff's claim clearly falls within the postal exception of 28 U.S.C. § 2680(b) and is therefore barred. Thus, even construing the plaintiff's allegations in the light most favorable to her and taking all facts pleaded in her complaint as true, it is clear that the suit against the defendants must be dismissed for failure to state a claim under the FTCA, and for lack of jurisdiction.

## RECOMMENDATION

It is therefore the recommendation of this court that plaintiff's claims be **DISMISSED** for failure to state a claim upon which relief can be granted, and for lack of jurisdiction.

Signed in Baton Rouge, Louisiana, on December 21, 2010.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**KRISTIAN M. RYAN**                                  **CIVIL ACTION**

**VERSUS**                                            **NUMBER 10-830-JJB-DLD**

**POSTMASTER GENERAL, UNITED STATES
POSTAL SERVICE**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have fourteen days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on December 21, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**